# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Sharon J. Coleman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 6789 | **DATE** | 11/30/2012 |
| **CASE TITLE** | Lambert vs. Peri Formworks Systems, Inc., et al. | | |

**DOCKET ENTRY TEXT**

Presently before the Court is Lambert's motion to reconsider and amend the Court's May 25, 2012 judgment, which may be found at *Lambert v. Peri Formworks Sys.*, No. 10 C 6789, 2012 U.S. Dist. LEXIS 74177 (N.D. Ill. May 25, 2012). Lambert's motion to amend the Court's previous judgment [58] is denied.

■[ For further details see text below.]   Docketing to mail notices.

**STATEMENT**

On October 21, 2010, Plaintiff McKinley Lambert ("Lambert") filed a complaint against Defendant Peri Formworks System, Inc. ("Peri") alleging a hostile work environment based on sexual harassment and racial discrimination. On November 15, 2011, Peri filed a motion for summary judgment. On May 25, 2012, this Court issued an order granting Peri's motion for summary judgment. Presently before the Court is Lambert's motion to reconsider and amend the Court's May 25, 2012 judgment, which may be found at *Lambert v. Peri Formworks Sys.*, No. 10 C 6789, 2012 U.S. Dist. LEXIS 74177 (N.D. Ill. May 25, 2012). Lambert's motion to amend the Court's previous judgment is denied.

To prevail on a Rule 59(e) motion to amend a court's judgment, a party must clearly establish (1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment. *Blue v. Hartford Life & Accident Ins. Co.*, 698 F.3d 587 (7th Cir. 2012) (*citing Harrington v. City of Chicago*, 433 F.3d 542, 546 (7th Cir. 2006)). "A manifest error is not demonstrated by the disappointment of the losing party. It is the wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (internal citations omitted). Rule 59(e) motions are "not appropriately used to advance arguments or theories that could and should have been made before the district court rendered a judgment, or to present evidence that was available earlier." *Miller v. Safeco Ins. Co. of Am.*, 683 F.3d 805, 813 (7th Cir. 2012) (internal citations omitted); s*ee also United States v. Resnick*, 594 F.3d 562, 568 (7th Cir. 2010).

In bringing his motion, Lambert claims that: (1) the Court did not apply the correct standard in its determination of actual notice; (2) a reasonable inference could be drawn that Peri had constructive notice of the alleged sexual harassment; (3) a reasonable jury could conclude that Peri was negligent in discovering the alleged sexual harassment; and (4) Lambert's affidavit did not contradict his deposition testimony and should have been considered by the Court.

**STATEMENT**

Lambert first argues that the Court failed to apply the proper standard in determining that Peri had no actual notice of the alleged harassment. To determine whether a company has notice of harassment the Court considers whether the harassment "(1) comes to the attention of someone who (a) has under the terms of his employment, or (b) is reasonably believed to have, or (c) is reasonably charged by law with having, a duty to pass on the information to someone within the company who has the power to do something about it; or (2) comes to the attention of such a someone." *Young v. Bayer Corp.*, 123 F.3d 672, 674 (7th Cir. 1997). Lambert contends that the Court limited its analysis to the second group of persons whose duty arises out of a reasonable belief that they have such a duty instead of the first group of persons whose duty arises under the terms of their employment. Contrary to Lambert's contention, the Court took into consideration the entire applicable standard in its ruling.

In *Young* the Seventh Circuit explained that two questions should guide the inquiry in cases where the question is whether the plaintiff placed her complaint in a proper channel: (1) who has the authority to terminate the harassment of which the plaintiff is complaining and (2) did the plaintiff complain to someone who could reasonably be expected to refer the complaint up the ladder to the employee authorized to act on it. 123 F.3d at 675. Accordingly, the inquiry under (1)(a) begins by "identifying the person who has the duty under the employer's rules to channel complaints of sexual harassment to the employees of the company who are empowered to act upon such a complaint." *Benitez v. Am. Std. Circuits, Inc.*, 678 F. Supp. 2d 745, 760 (N.D. Ill. 2010). In its May 25, 2012 order, the Court took into account Peri's employee handbook and rules issued in May 2005 which provided that employees were to report harassment to either Tami Osheroff ("Osheroff"), Peri's national human resources manager, or the company CEO. Furthermore, the Court also took into consideration that Osheroff stated in her affidavit that employees could also report harassment to yard managers or logistics managers. At the time of any potential complaints by Lambert prior to 2005, a point person was not identified or easily accessible. Therefore, Peri could receive notice of harassment from a "department head or someone that the complainant reasonably believed was authorized to receive and forward (or respond to) a complaint of harassment." *Bombaci v. Journal Cmty. Publ'g Group, Inc.*, 482 F.3d 979, 984 (7th Cir. 2007) (internal citations omitted). The Court concluded that it was unreasonable for Lambert to believe that Avila or Santiago had the ability to respond to or a duty to report the alleged harassment. Therefore, the Court considered and relied on the available *Young* standard in determining that Peri had no actual notice of the alleged sexual harassment. As such, the Court committed no manifest errors in its ruling, nor did the Court wholly disregard, misapply, or fail to recognize controlling precedent.

Lambert next argues that the Court failed to consider his arguments that Peri had constructive notice of the alleged sexual harassment and that a reasonable jury could conclude that Peri was negligent in discovering the sexual harassment. These precise issues were briefed and argued in Lambert's response to Peri's motion for summary judgment. Having considered both parties arguments, the Court concluded that Peri was not on constructive notice of the alleged sexual harassment. Lambert proffers no manifest errors of law by the Court, but merely re-argues his previous contentions and concludes that the Court failed to consider his arguments. Contrary to Lambert's contention, the Court fully considered and rejected his arguments, granting summary judgment for Peri. Therefore, there was no wholesale disregard, misapplication, or failure to recognize controlling precedent and the Court made no manifest errors in rejecting Lambert's constructive notice and negligence arguments.

Lastly, Lambert argues that his summary judgment affidavit does not contradict prior deposition testimony and should have been considered by the Court. Lambert argues that the Court's failure to consider his affidavit merits reconsideration because the affidavit provides that Lambert complained to Santiago about

**STATEMENT**

the alleged sexual harassment on multiple occasions including a complaint in April of 2007. Lambert argues that this fact is relevant because as of March 1, 2006, Santiago was promoted to a yard manager, and as a yard manager he would be authorized to take and respond to complaints of sexual harassment. While the court noted in its May 25, 2012 order that Lambert's affidavit need not be taken into consideration because it contradicted deposition testimony, the court also noted that even if the affidavit were considered, it was unreasonable for Lambert to continue complaining to Avila and Santiago as they were not in positions of authority. The Court reaffirms its holding noting that the alleged complaint in April 2007 would have been made after Peri's sexual harassment policy and employee handbook had been issued in May 2005. Pursuant to *Young*, the Court first considered whether there were individuals designated under the terms of their employment to respond to such harassment complaints. Osheroff and the Peri CEO were designated as such persons under the May 2005 policy. Therefore, Lambert would have had to complain to Osheroff, the Peri CEO, or some other employee whom he reasonably believed was authorized to receive and forward (or respond to) a complaint of harassment. After reviewing the record, the Court concluded that it was unreasonable for Lambert to believe that Santiago was authorized to receive and forward a complaint of harassment. Therefore, the Court took Lambert's affidavit into consideration to the extent that we noted his failure to meet the *Young* standard even if his affidavit had not contradicted his deposition testimony.

     Accordingly, there was no wholesale disregard, misapplication, or failure to recognize controlling precedent and for the abovementioned reasons, Lambert's motion to amend the Court's judgment is denied.